1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8   BOBBY WELLS,

9                              Plaintiff,            Case No. C12-1697-TSZ-JPD

10          v.
                                                     REPORT AND RECOMMENDATION
11   CLAUDIA  BALDUCCI, *et al*.,

12                              Defendants.

13

## INTRODUCTION AND SUMMARY CONCLUSION

14
15          This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff Bobby Wells

16   alleges in his second amended complaint that he was transferred from the King County Regional

17   Justice Center ("RJC") jail facility in Kent, Washington to the King County Correctional Facility

18   in Seattle, Washington in retaliation for his use of the RJC's grievance system.  Plaintiff

19   identifies the following defendants in his second amended complaint:  the King County

20   Department of Detention; Jail Director Claudia Balducci; Classification Supervisor Brien

21   O'Farrell; Correctional Sergeant Stephanie Hansen; and Correctional Officers Eddie Sylvas,

22   Timothy Feichtner, Mgoc-Quynh Le, and J. Mendoza.  Plaintiff seeks relief in the form of an

23   order directing the King County Department of Adult and Juvenile Detention to stop the practice

REPORT AND RECOMMENDATION - 1

1    of dispensing discipline without due process.  Plaintiff also asks that defendants be directed to

2    pay all fees associated with this civil action.

3    Defendants now move to dismiss this action.  Plaintiff has filed a responsive brief

4    opposing defendants' motion to dismiss, and defendants have filed a reply brief in support of

5    their motion.  The Court, having reviewed defendants' motion, all briefing of the parties, and the

6    balance of the record, concludes that defendants' motion to dismiss should be granted and

7    plaintiff's second amended complaint, and this action, should be dismissed with prejudice.

8                                                    DISCUSSION

9    Defendants move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of

10   Civil Procedure for failure to state a claim upon which relief may be granted.  An action may be

11   dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove

12   no set of facts in support of his claim which would entitle him to relief.  *Keniston v. Roberts*, 717

13   F.2d 1295 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or

14   the absence of sufficient facts alleged under a cognizable theory."  *Balistreri v. Pacifica Police*

15   *Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  On a motion to dismiss, material allegations of the

16   complaint are taken as admitted and the complaint is to be liberally construed in favor of the

17   plaintiff.  *Keniston*, 717 F.2d at 1300.

18   Defendants argue in their motion to dismiss that plaintiff's case is now moot because the

19   only redress sought by plaintiff in his second amended complaint is an injunction prohibiting the

20   King County Department of Adult and Juvenile Detention from dispensing discipline without

21   due process and plaintiff is no longer in the custody of King County.

22   "Those who seek to invoke the jurisdiction of the federal courts must satisfy the

23   threshhold requirement imposed by Article III of the Constitution by alleging an actual case or

REPORT AND RECOMMENDATION - 2

controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  The "case or controversy"

requirement restricts federal jurisdiction to those cases where the plaintiff can demonstrate that

"he has sustained or is immediately in danger of sustaining some direct injury as the result of the

challenged official conduct and the injury or threat of injury must be both real and immediate."

*Id*. at 101-02 (internal quotations omitted).  "Past exposure to illegal conduct does not in itself

show a present case or controversy regarding injunctive relief . . . if unaccompanied by any

continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

 A claim becomes moot "when the issues presented are no longer live or the parties lack a

legally cognizable interest in the outcome." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).

An inmate's release from custody generally moots claims for injunctive relief relating to prison

policies because "the released inmate is no longer subject to the prison conditions or policies he

challenges." *Id.*  The Ninth Circuit has explained that any injunctive relief ordered in an

inmate's favor after that inmate has been removed from the environment in which he is subjected

to the challenged policy or practice "would have no practical impact on the inmate's rights and

would not redress in any way the injury he originally asserted." *Id*. at 1065.

It is clear from plaintiff second amended complaint that he is no longer in the custody of

King County but is instead in the custody of Washington Department of Corrections.  Enjoining

the conduct of King County as this juncture would not redress the injury asserted by plaintiff in

his second amended complaint.  Accordingly, this Court must conclude that the instant action is,

in fact, moot.

Plaintiff asserts in his response to defendants' motion that the case is not moot because he

has incurred costs as a result of having to seek relief in this Court for defendants' alleged

unconstitutional conduct.  However, plaintiff offers no authority to support this assertion and this

REPORT AND RECOMMENDATION - 3

1    Court is aware of none.  As defendants correctly point out, the costs of bringing a lawsuit are

2    recoverable only by a prevailing party.  *See* Fed. R. Civ. P. 54(d).  Plaintiff cannot be deemed a

3    prevailing party given this Court's conclusion that his claim is moot.  *See Brown v. Mason*, 431

4    Fed.Appx. 528, 529 (9th Cir. 2011).  Accordingly, plaintiff's suggestion that a live case or

5    controversy exists simply because he incurred costs in initiating this action is without merit.

6                                               CONCLUSION

7            For the reasons set forth above, this Court recommends that defendants' motion to

8    dismiss be granted and that plaintiff's second amended complaint, and this action, be dismissed

9    with prejudice.  A proposed Order accompanies this Report and Recommendation.

10           DATED this 22nd day of October, 2013.

11

12                                                     *James P. Donohue*
                                                       _____
13                                                     JAMES P. DONOHUE
                                                       United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 4